STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. EUGENE NEWMAN AND SANDOR MARSCHEK, PLAINTIFFS IN ERROR.

Argued November 3, 1920—Decided April 15, 1921.

1. When two or more defendants are indicted and tried together, the declarations of one, which have a legitimate tendency to establish his guilt, are admissible against him, even though not admissible against his co-defendant. In such a case the proper remedy of the defendant against whom the declaration is not admissible is to request a limitation of its application to the defendant who made it.

2. Where the question of whether or not the defendants, on a trial for malicious conspiracy to charge another with crime, had probable cause for lodging the complaint against the parties named depended very largely upon facts, the existence of which was in dispute, it was the function of the jury to decide the facts, and upon so doing, to determine on the whole case whether or not probable cause had been shown, such determination to be based upon proper instructions submitted by the trial court with relation to the legal rules to be applied by them.

---

On error to the Passaic County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the plaintiffs in error, *Harry H. Weinberger*.

For the state, *Michael Dunn*, prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The writ of error brings up for review the conviction of the two defendants, Newman and Marschek, on an indictment charging them with unlawfully and maliciously conspiring and agreeing together falsely to charge Stephen Pastor and Lizzie Ellash with unlawfully living and cohabiting together as man and wife; and in execution of this conspiracy causing them to be arrested and taken before a justice of the peace and there held in bail to answer this charge; and averring that the charge was afterward investigated by the grand jury and subsequently dismissed by that body.

The first ground relied upon for the reversal of this conviction is the alleged error of the trial court in admitting testimony given by one Lefferts as to a conversation between him and the defendant Marschek after the alleged conspiracy had been fully executed. It is not denied that the statement of the defendant was material and tended to support the charge laid in the indictment, but it was urged as a ground for its exclusion that what Marschek said was not binding upon his co-defendant, Newman, because it was admittedly made in the latter's absence. But this fact did not render the testimony inadmissible. As we said in *State* v. *Unger,* 93 *N. J. L.* 50, where two or more defendants are indicted and tried together the declarations of one, which have a legitimate tendency to establish his guilt, are admissible against him, even though not admissible against his co-defendant. In such a case the proper remedy of the defendant against whom the declaration is not admissible is to request a limitation of its application to the defendant who made it. The testimony

was properly admitted over the objection of Newman's counsel.

Next it is said that the trial court erred in refusing to determine, as a matter of law, whether or not probable cause existed for the institution of the proceedings by the defendants against Pastor and Ellash and in submitting the determination of that question to the jury as one of fact. We consider that the course pursued by the trial judge was a proper one. Whether or not the defendants had probable cause for lodging the complaint against the parties named depended very largely upon facts, the existence of which was in dispute, and in such a situation it is entirely settled that it is the function of the jury to decide the facts, and upon doing so, to determine on the whole case whether or not probable cause has been shown, such determination to be based upon proper instructions submitted by the trial court with relation to the legal rules to be applied by them. *Bell* v. *Atlantic City Railroad Co.,* 58 *N. J. L.* 227; *Weisner* v. *Hansen,* 81 *Id.,* 601; *Sunderbrand* v. *Shills,* 82 *Id.* 700; *Vladar* v. *Klopman,* 89 *Id.* 575.

Next it is said that the court should have directed a verdict of acquittal, as to the defendant Newman, in compliance with the application of his counsel made at the close of the state's case. The case comes before us under the beneficent provision of section 136 of the Criminal Procedure act and the defendant is entitled to have this court pass upon the question whether there was any justification for the refusal of the trial court to grant the application. The only matter to be considered in determining the propriety of the judicial action complained of is whether there was any evidence submitted by the state which, uncontradicted or unexplained, would justify a jury in convicting the defendant of the charge laid against him. We have examined the proofs sent up with the writ of error and find ample evidence supporting the charge laid in the indictment. The defendant, therefore, can take nothing by this ground of reversal.

The only other attack upon the conviction which requires consideration is directed at the charge to the jury in dealing

with the matter of the existence of probable cause. The court used the following language: "So I think you might consider in this case whether there were reasonable grounds of suspicion for this man Marschek to make this complaint against these people. Now, of course, in considering that you have a right to consider the circumstances. You may consider the locality where the people live; their customs; their mode of life. Of course, if it was in some localities and some other people, there might be a much stronger suspicion of guilt than among this class of people—foreigners living in that section." As we understand this instruction the jury were informed that the fact that the man Pastor and the woman Ellash were foreigners and lived in a certain section of the city of Passaic would tend to weaken the suspicion of the existence of illicit relations between them, which would be justified in the case of people of a different class, who were not foreigners and who lived in other sections of the city and whose customs and mode of life were different. This instruction was not justified by any proof submitted in the cause. There was no evidence of what the customs of foreigners living in this particular section of Passaic were (so far as sexual relations were concerned), or what their mode of life was in matters of morality; nor was there any proof to justify a finding by the jury that, although in other localities and among people of a different class and nationality, similar relations to those existing between Pastor and Ellash would justify a suspicion of guilt, it did not follow that such suspicion would be warranted in the case then under consideration, the class of people to which they belong and among whom they live. We have no doubt that the injection into this case of these factors which were entirely unsupported by any evidence in the cause, and proof in support of which would have been objected to, as incompetent (in all probability) if it had been offered, was legal error. *Smith* v. *State,* 41 *N. J. L.* 370; *State* v. *Diamond,* 84 *Id.* 17; *State* v. *Lovell,* 88 *Id.* 353. That the defendants suffered manifest wrong and injury by this error cannot be doubted.

The judgment under review must therefore be reversed.